## CITY NAT. BANK OF BRYAN v. GUSTAVUS.

### No. 1524.

Court of Civil Appeals of Texas. Waco.
Dec. 13, 1934.

Rehearing Denied Jan. 10, 1935.

Henderson & Hoyle, of Bryan, and Thompson & Barwise, of Fort Worth, for appellant.

Lawler & Wood and R. Wayne Lawler, all of Houston, and Oak McKenzie, of Bryan, for appellee.

ALEXANDER, Justice.

This action was brought by Mrs. Nannie Pyrle Gustavus against the City National

Bank of Bryan to recover the sum of approximately $7,000 alleged to have been deposited to plaintiff's account in said bank. The jury returned a verdict in favor of plaintiff, and judgment was entered in her behalf for the sum of $4,005.15. The defendant appealed.

The plaintiff alleged, in substance, that during the year 1921 she placed on deposit in said bank two items, one for $2,800 and the other for $3,500, making a total of $6,300, and that during the year 1925 two additional items in the total sum of $1,008.89 were deposited to said account; that out of the funds so deposited to her credit she had received only the sum of $308.08. She prayed for the balance of $7,000, with legal interest. In the alternative, she alleged that one W. H. Cole, as the cashier of said bank, under a false representation that the bank through him would lend the funds belonging to her to its customers for her at a high rate of interest, had withdrawn her funds from the bank and converted same to his own use, and that the bank was responsible for the acts of its said cashier in so withdrawing said funds. She prayed for judgment for the principal sum of $7,000 with legal interest from the date of the alleged conversion. On the other hand, the bank alleged that Mrs. Gustavus, who was a sister-in-law of Cole, did not deposit the funds in question in the bank, but delivered same to Cole as her agent to invest or lend for her; that the item of $3,500 was the only sum actually deposited in the bank to Mrs. Gustavus' account, and that she afterwards authorized Cole as her agent to withdraw the same; that Cole as her said agent afterwards withdrew $3,200 from said account; and that Mrs. Gustavus had withdrawn the balance on deposit to her credit.

The following facts were established by the undisputed evidence: From 1921 to 1932, inclusive, W. H. Cole was the cashier of appellant's bank, which bank was situated in Bryan. Mrs. Gustavus, who was a sister-in-law of Cole, was a widow, residing at Ballinger. In December, 1921, she sent two checks, one for the sum of $3,500 and the other for $2,800, to Cole for deposit to her account in said bank. In due time she received certificates of deposit showing that said funds had been so deposited. As a matter of fact, the proceeds of the $3,500 check were credited to her account in said bank, but the proceeds of the $2,800 check were credited by Cole to his own account. A few days later, Cole wrote Mrs. Gustavus on the stationery of the bank, and requested permission for the bank, through him, to lend her funds so on deposit in said bank to the customers of the bank, stating in the letter that the funds could be loaned for her at from 8 to 10 per cent. interest per annum on good security, and that there would be no risk to her "as the bank loans the money and collects the interest." This proposition was accepted by Mrs. Gustavus. Shortly thereafter Cole gave a check on Mrs. Gustavus' account for the sum of $3,200, and placed the same to the credit of his own account in said bank. In January, 1925, Cole sent Mrs. Gustavus a deposit slip showing that her account had been credited with the sum of $880, which money purported to be for "interest." In February of the same year he sent her another deposit slip, showing that her account had been credited with "note" $500 and "interest" $28.89, making a total of $528.89. Shortly thereafter Cole gave another check on Mrs. Gustavus' account for the sum of $1,000, and appropriated the same to his own use. From time to time thereafter said account was credited with small items purporting to be for "interest," but these items are not sued for herein. From time to time Mrs. Gustavus checked out of said bank on her own checks, and received for her own use, $3,448.89. The jury found that the two items of $2,800 and $3,500 were sent by Mrs. Gustavus to Cole as cashier of the bank for deposit to her account in said bank; that Cole subsequently fraudulently induced Mrs. Gustavus to believe that the bank would lend her money for her to its customers, and that she consented to such proposition and was later advised by Cole as such cashier that her funds had been so loaned; that she was not advised to the contrary until 1932; that she did not authorize Cole to withdraw her funds from the bank for his own use, and that she consented that said funds could be withdrawn by the bank only for the purpose of making loans for her. All parties concede that no loans were ever made and that Cole appropriated said funds to his own use. The trial court charged the bank with the sum of $7,000, and allowed the bank credit for the sum of $3,448.89 checked out by Mrs. Gustavus, and entered judgment in her favor for the balance, with legal interest from October 10, 1932—that being the date when Mrs. Gustavus first demanded payment of the balance due her—making a total of $4,005.15.

Appellant contends that the undisputed evidence establishes that Mrs. Gustavus sent her funds to Cole as her own agent, and not as cashier of the bank, and that as a consequence she is responsible for the item of $2,800 which was never credited to her account. The jury found against the bank on this is-

sue. Mrs. Gustavus testified positively that she remitted the two items totaling $6,300 to Cole as cashier of the bank for deposit in the bank to her credit. No one testified to the contrary. Cole apparently recognized that he had so received said funds, for he immediately forwarded to her certificates of deposit showing that the funds had been deposited in the bank to her credit. This evidence was sufficient to support the jury's finding that the funds were delivered to Cole as cashier of the bank and not as the agent of Mrs. Gustavus.

■ Appellant further contends that the undisputed evidence shows that Mrs. Gustavus authorized Cole as her agent to withdraw the funds from the bank, and that as a consequence she should bear the loss of any misappropriations by him. The jury found that she did not authorize Cole to withdraw said funds from the bank, and that the only authority given by her for the withdrawal of said money was for the bank to lend the same for her. The only request ever made by Cole for authority to lend Mrs. Gustavus' money was that made by him in a letter to her, which was, in part, as follows: "Should you wish for me I mean this bank through me, to invest your funds here, it will be very easily done and also attend to the entire transactions remitting you yearly the interest from your investments, we have many of such cases and I give all the details my personal attention, and there will be no risk in any of the transactions, as the bank loans the money and collects the interest as stated, keeping all the papers in their vault just as their own papers are handled. * * * "

She testified that she assented to the proposition contained in the letter. This evidence was ample to support the verdict of the jury.

■■ Appellant further contends that the agreement between Mrs. Gustavus and Cole by which the bank was to lend her money for her was ultra vires as to the bank, and therefore not binding on the bank. This is doubtless true, and, if this suit had been brought by Mrs. Gustavus against the bank to enforce such contract or for damages for breach thereof, the defense would have been good. City Nat. Bank v. Morgan (Tex. Civ. App.) 258 S. W. 572; Porter v. Sullivan (Tex. Civ. App.) 19 S.W.(2d) 372 (writ ref.); Parr v. Gardner (Tex. Civ. App.) 293 S. W. 859, (writ dis.). But Mrs. Gustavus is not undertaking to recover on any such contract. She insists that said agreement was never carried out, and that as a result she is entitled to re-cover as though it had never been made. We think she is correct in this contention. When the bank received her money for deposit, it became indebted to her therefor, and it could discharge its obligation in no other way except to pay out the funds upon her order. The only authority ever given by her was for the bank to use the funds in making loans for her. This authority was never exercised by the bank. She did not consent for the cashier of the bank to use the funds so deposited by her for his own personal benefit, and, if the bank allowed him to do so, it must account to her for such funds. Wassmann v. City Nat. Bank (C. C. A.) 52 F.(2d) 705; L'Herbette v. Pittsfield Nat. Bank, 162 Mass. 137, 38 N. E. 368, 44 Am. St. Rep. 354; First Nat. Bank v. Peck, 180 Ind. 649, 103 N. E. 643.

■■ From what has been said, it is apparent that Mrs. Gustavus is entitled to re-cover the $6,300 delivered by her to Cole for deposit in the bank, less the sum of $3,448.-89 checked out by her. By way of cross-assignment, the appellee contends that the court erred in denying her the right to recover interest on said sum from the time Cole misappropriated said funds, instead of allowing her interest only from the time of her demand, which was made on October 10, 1932. There was no agreement on the part of the bank to pay interest on the deposits made by Mrs. Gustavus, and ordinarily, under such circumstances, it would not be liable for interest thereon until after demand. 7 C. J. 651. This rule, however, is based on the bank's implied agreement to at all times recognize its obligation to the depositor and to hold itself in readiness to pay him on demand the amount so on deposit. It has been held that, when a bank charges a depositor's account with items not properly chargeable thereto, it, to that extent, repudiates its obligation to such depositor, and is guilty of conversion so as to subject it to the payment of interest from that date on the amount so improperly withdrawn from said account. 7 C. J. 651; 6 Tex. Jur. 261; Commercial & Agricultural Bank v. Jones, 18 Tex. 811, 830; First State Bank v. Vestal & Naugle (Tex. Civ. App.) 48 S.W.(2d) 706, par. 4; German Savings Bank v. Citizens' Nat. Bank, 101 Iowa, 530, 70 N. W. 769, 63 Am. St. Rep. 399; Southwest Nat. Bank v. Underwood (Tex. Civ. App.) 295 S. W. 253; First State Bank of Seminole v. Shannon (Tex. Civ. App.) 159 S. W. 398, par. 7. Cole was the chief officer of the bank, and his acts were the acts of the bank. When the bank through Cole failed to

credit Mrs. Gustavus' account with $2,800 of the funds forwarded by her to it for that purpose, and later when the bank through its same agent, without authority from Mrs. Gustavus, withdrew $3,200 of the funds deposited to her credit, and passed the same to the credit of its cashier, it thereby participated in the conversion and became responsible therefor. Commercial & Agricultural Bank v. Jones, supra; First State Bank of Seminole v. Shannon, supra. Under these circumstances, the bank is liable to Mrs. Gustavus for interest at the legal rate of 6 per cent. per annum on the funds belonging to her and so misappropriated by its cashier during the time same was so illegally withheld from her.

■ After carefully considering the matter, we have reached the conclusion that Mrs. Gustavus is not entitled to recover for the two items totaling $1,008.89 credited by Cole to her account. The evidence establishes very clearly that these items represent a return by Cole of funds illegally withdrawn by him from Mrs. Gustavus' account. Since the bank is being held liable for the acts of its cashier in withdrawing funds from said account, it ought to have credit for, instead of being charged with, the funds so returned by him. Mrs. Gustavus has given nothing for the alleged right to recover the amounts so credited to her account, and consequently she is not entitled to recover same.

As before stated, Mrs. Gustavus deposited the sum of $6,300 in the bank. The cashier misappropriated $6,000 thereof, and applied the same to his own use. Mrs. Gustavus checked out the sum of $300 left in her account by the cashier, and in addition has been paid the sum of $3,148.89 on other checks presented by her or on her order from time to time. She is entitled to recover from the bank the $6,000 so misappropriated by Cole, with legal interest thereon from the date of such misappropriation, less the said sum of $3,148.89, which amount should be credited as of the respective dates when the various items thereof were paid on checks presented by her or on her order. Using this method of calculation, we find the total amount of principal and interest due Mrs. Gustavus to be the sum of $6,424.73. The judgment of the trial court is reformed so as to allow Mrs. Gustavus to recover said sum of $6,424.73, with 6 per cent. interest from this date, and, as reformed, the judgment is affirmed. All costs, including costs of appeal, will be adjudged against the appellant.