Leo M. DAVIS, Appellant,

v.

The SMALL BUSINESS INVESTMENT
COMPANY OF HOUSTON, Appellee.

No. 8355.

Court of Civil Appeals of Texas,
Texarkana.

March 23, 1976.

Rehearing Denied April 20, 1976.

Wm. Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Gerald R. Coplin, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

CORNELIUS, Justice.

The Small Business Investment Company of Houston (hereinafter referred to as investment company) sought to recover from Computer Forms, Inc. and Leo Davis the principal and interest due by the terms of two promissory notes. The notes, one for $60,000.00 and one for $9,000.00, had been executed by Computer Forms, and were personally guaranteed by Leo Davis. Davis was President and a substantial stockholder of Computer Forms. Davis and Computer Forms filed a counterclaim for damages on the ground that the investment company had breached an agreement to secure additional financing for Computer Forms. At the close of evidence from all parties, the trial court withdrew the case from the jury and rendered judgment for The Small Business Investment Company against Computer Forms and Davis on the notes, and against Computer Forms and Davis on their counterclaim. Only Davis has appealed.

The evidence viewed most favorably to Davis, showed that Computer Forms was a relatively new business which had never earned a profit, but which Davis felt could be salvaged and put into a profitable position if it could secure $100,000.00 financing within a specified time. Davis approached the investment company for the money, telling them the complete story of Computer Forms' condition and need for the financing. He stated that he needed the money within thirty days. The investment company could only supply $60,000.00 of the necessary financing but agreed to obtain the remaining $40,000.00 from other sources. Although Davis testified, and certain preliminary documents indicated, that the intent was to furnish the additional $40,000.00 within thirty days, the letter of commitment on which the counterclaim was based stated the $40,000.00 would be made available within *two months*. The investment company did advance an additional $9,000.00 but failed to furnish the $40,000.00 as agreed. Nevertheless, Davis obtained the additional $40,000.00 within the sixty day period from West Central Capital Corporation through his own efforts. Certain equipment and machinery had been mortgaged to the investment company to secure the notes. Upon default in payment of the notes, the investment company took possession of the collateral and later sold it for the sum of $16,057.82. Judgment was for The Small Business Investment Company for $99,755.00 principal and interest on its notes, together with attorney's fees and expenses incurred in preserving and storing the collateral. The expenses amounted to $23,060.41. A credit against expenses was allowed for the $16,057.82 received from the sale, leaving $7,002.59 net expenses. The investment company was awarded judgment for 60% of those expenses. Since West Central Capital Corporation also had a security interest in the collateral to secure its $40,000.00 loan, it assumed 40% of the expenses with the corresponding right of reimbursement from Davis.

Davis contends he was entitled to recover damages for the investment company's breach of the agreement to secure the additional financing, and that he produced sufficient evidence supporting his counterclaim to take his case to the jury. He also contends that the trial court erred in allowing the investment company to recover expenses for preserving and storing the collateral, since there was no evidence that the amounts expended therefor were reasonable.

There is a recognized cause of action for breach of an agreement to loan money. Annotation, 36 A.L.R. 1408. If, as he alleged and testified, Davis was a party

to the agreement or if it was for his benefit, he could maintain such a cause of action in his own right. But upon the breach of such an agreement, the plaintiff is required to avoid or mitigate his damages by securing the money from other sources if it is available. *Western Union Tel. Co. v. Hearne*, 7 Tex.Civ.App. 67, 26 S.W. 478 (1894, no writ); Annotation, 36 A.L.R. 1416. Damages will be allowed only to the extent of the excess, if any, in the amount of interest the plaintiff was compelled to pay, unless he can show other damages which were reasonably within the contemplation of the parties at the time the agreement was made. *Collins Inv. Co. v. Sallas*, 260 S.W. 261 (Tex.Civ.App. Texarkana 1924, writ ref'd); Annotation, 36 A.L.R. 1410 et seq. In this case the written commitment for the loan specified that the additional $40,000.00 was to be furnished within two months. Although obtained from a different source and as a result of Davis' personal efforts, admittedly the money was received within that time, and there was no pleading or evidence of any loss due to excess interest charges. Therefore, neither Computer Forms nor Davis suffered any loss by reason of the investment company's failure to furnish the money, unless some special damages within the contemplation of the parties resulted therefrom. Davis attempted to show such damages by proof that he was forced to put $35,000.00 of his own money into the business. But the very fact that he was compelled to put his own money into the venture even though the additional $40,000.00 was obtained within the time specified shows there was no causally related loss in that regard. The undisputed evidence showed that his contribution would have been necessary even if the investment company had complied fully with its agreement. Davis also contended that Computer Forms suffered a loss of profits because of the breach of the loan agreement, and because the breach forced him to spend time away from the management of the business "hustling money". However, the undisputed evidence revealed that when the agreement for financing was negotiated, Computer Forms was in severe economic difficulty and had never operated at a profit. Davis testified the ". . . current difficulty required a hundred thousand dollars in order to satisfy creditors of that moment, plus additional operating capital that would be needed for it to continue as a going business . . .". He also testified that Computer Forms "never turned a profit" and "never got out of the red ink". There was no evidence tending to show that the company could have ever made a profit. There was no evidence of contracts or sales which could have been anticipated, the cost of doing business, or the estimated profits, if any, which could be expected from any sales which might be made. In short, any award of lost profits here would necessarily be based upon pure speculation. Uncertainty as to the amount of damages is not fatal to recovery, but lack of evidence as to the *fact of damage* will defeat recovery. *Pace Corporation v. Jackson*, 155 Tex. 179, 284 S.W.2d 340 (1955). To recover lost profits in a breach of contract case, the plaintiff must adduce evidence from which the jury can reasonably infer that *some profit would have been made*, as well as evidence from which the jury can reasonably estimate the amount of the loss. *Pace Corporation v. Jackson*, supra; *Southwest Battery Corporation v. Owen*, 131 Tex. 423, 115 S.W.2d 1097 (1938); *Universal Commodities v. Weed*, 449 S.W.2d 106 (Tex.Civ.App. Dallas 1969, writ ref'd n. r. e.); *Barbier v. Barry*, 345 S.W.2d 557 (Tex.Civ.App. Dallas 1961, no writ); *Walter Box Co. v. Blackburn*, 157 S.W. 220 (Tex.Civ.App. Austin 1913, no writ); *Mutual Film Corporation v. Pastime Theater*, 202 S.W. 972 (Tex.Civ.App. Beaumont 1918, no writ); *Fraser v. Echo Mining & Smelting Co.*, 9 Tex.Civ.App. 210, 28 S.W. 714 (Tex.Civ.App.1894, no writ). Upon the record in this case, Davis was not even entitled to nominal damages. *Gulf Coast Investment Corporation v. Rothman*, 506 S.W.2d 856 (Tex.1974). See also *Wafer v. Edwards*, 248 S.W.2d 320 (Tex.Civ.App. Fort Worth 1952, no writ). Moreover, if there had been evidence of lost profits, the loss would bear no causal relation to the breach because the money which the investment company agreed to furnish, and on

which Computer Forms relied in its attempt to make a profit, was furnished within the time agreed. The trial court correctly rendered judgment against Davis on his counterclaim.

■ Davis' liability on the notes was undisputed. Judgment for the principal and interest due under their terms was therefore proper. Davis contends, however, that the court's action in awarding the investment company its share of expenses incurred in storing, insuring, and preserving the collateral was error because there was a complete lack of evidence that such expenditures were "reasonable". The common law rule was that expenses for preserving and protecting the collateral could be recovered when proven to be necessary and reasonable. The rule applied even though the mortgage expressly provided for the recovery of all costs and expenses. *Haydon v. Newman*, 162 S.W.2d 1041 (Tex.Civ.App. Amarillo 1942, no writ). The Texas Business and Commerce Code now provides in Sec. 9.207(b) that:

"Unless otherwise agreed,   .   .   .

.   .   .   .   .

(1) reasonable expenses (including the cost of any insurance and payment of taxes or other charges) incurred in the custody, preservation, use or operation of the collateral are chargeable to the debtor and are secured by the collateral; "

The security agreement in this case provided as follows:

"Reimbursement of expenses—at secured parties option, secured party may .   .   .   for and in behalf of debtor— pay for the repair, maintenance and preservation of collateral, and all sums so expended, including but not limited to attorney's fees, court costs, agent fees or commissions or any other costs or expenses shall bear interest from the date of payment at the rate of ten per cent per annum and shall be payable at the place designated in the above described note and shall be secured by this security agreement."

Thus, the investment company contends that its security agreement "otherwise agreed" for the recovery of expenses, and the requirement of reasonableness does not apply.

■ Although Sec. 9.207(b) of the Tex.Bus. & Comm.Code Ann. states that "unless otherwise agreed", reasonable expenses may be recovered, it does not appear that the use of those words was intended to authorize the parties to contract for *unreasonable or arbitrary charges*. A more reasonable construction is that expenses are chargeable unless the parties agree they shall not be chargeable, but in any event, whether authorized by agreement or in the absence of an agreement, the expenses which are allowed may only be such as are "reasonable". See Gilmore, Security Interests In Personal Property, Vol. II, Sec. 42.5, pp. 1137, 1138; Sec. 42.6, p. 1139; Sec. 42.7, p. 1153. This construction is also suggested by Sec. 9.504 of the same code, which provides that upon sale of the collateral the proceeds shall first be applied to "the *reasonable* expenses of retaking, holding, preparing for sale, selling and the like", and then to the satisfaction of the indebtedness. Moreover, we do not believe the security agreement involved here can be construed to have agreed "otherwise" to Sec. 9.207 with regard to reasonable expenses. It simply agreed that the secured party could be reimbursed for expenses incurred in the repair, maintenance, and preservation of the collateral. In the absence of specific language to the contrary, it must be concluded that the parties contracted with reference to the law as set forth in the Tex. Bus. & Comm.Code Ann., and that the allowable expenses would be limited to those which were reasonable. 13 Tex.Jur.2d, Contracts, Sec. 165, p. 353. Indeed, the pleadings of the investment company alleged it was "compelled to incur reasonable expenses", and sought recovery of them, and the judgment recited that it was entitled to recover its "reasonable and necessary expenses incurred".

Although the import of the investment company's evidence was that the items of expense were *necessary*, there was no attempt to show that the charges therefor

were *reasonable*. Proof that expenditures were necessary does not furnish evidence that the charges therefor were reasonable. *Dallas Railway & Terminal Company v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956). In the absence of evidence that the charges were reasonable, the court should not have directed a verdict against Davis for those items of expense. *Haydon v. Newman*, supra.

The trial court correctly allowed Davis a credit in the amount of the investment company's share of the proceeds received from the sale of the collateral.

The judgment will be reformed to deny The Small Business Investment Company recovery for expenses, and to award it a recovery of $91,151.14 principal and interest (being the balance of principal and interest due on its notes after credit for sale of collateral, calculating interest on the full principal of the notes from dates of execution to January 15, 1975 when the collateral was sold, and interest on the balance after such credit, from January 15, 1975 to April 23, 1975) together with attorney's fees of $9,115.11, the award of principal and interest to bear interest at 10% from April 23, 1975 until paid, and the award of attorney's fees to bear interest at 6% from April 23, 1975 until paid. As reformed, the judgment is affirmed.