James J. SMITH, Jr., Appellant,

v.

**KIRKWOOD AND HUNTER ELECTRIC CO., INC., Appellee.**

No. 18063.

Court of Appeals of Texas, Houston (1st Dist.).

May 6, 1982.

Zinetta A. Burney, Houston, for appellant.

John O. Walters, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

OPINION

WARREN, Justice.

This is an appeal from a judgment awarding appellee the sum of $709.50 found to be owing for electrical work performed pursuant to an oral contract.

Appellant's sole point of error claims that the cause of action was barred by the statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526 § 4.

Appellee urges that limitations did not begin to run until the work was inspected and approved by a City Inspector from the Department of Public Works of Houston.

In 1974, appellant and appellee entered into an oral agreement whereby appellant was to perform certain electrical services at appellant's home for an agreed price of $1227.00. Appellant was to furnish all fixtures, and appellee was to furnish the necessary electrical wire. The parties agreed to extra work in the amount of $82.50,

bringing the total agreed amount to $1309.50.

All work was completed by October 5, 1974. On August 7, 1974, a bill was presented to appellant who shortly thereafter made a partial payment of $500. On October 5, appellant made an additional partial payment of $100.00, leaving a balance of $709.50 due and owing.

On January 20, 1977, appellee filed suit for the amount due, claiming a sworn account and alternatively alleging a right to recover upon quantum meruit. The court found that under an oral contract appellee was due the sum of $709.50.

In an action for debt under an oral contract or for quantum meruit, limitations begin to run when the cause of action accrues. The accrual of a cause of action means the right to institute and maintain suit, and whenever one person may sue another a cause of action has accrued. *Luling Oil and Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716 (1945).

Since on October 5, 1974, appellee had completed all work agreed upon, the cause of action accrued on that date, and appellant had two years from that date to file its suit. *Thomason v. Freburg*, 588 S.W.2d 821 (Tex.Civ.App.—Corpus Christi 1979, no writ); Tex.Rev.Civ.Stat.Ann. art. 5526. In absence of special circumstances not present in this suit, appellee was bound to file its suit before October 7, 1976.

■ Appellee urges that limitations should not begin to run until an inspection of the work was made and approved by the city of Houston. We have found no authority for this proposition and appellee has cited none. In absence of an agreement that payment is to be contingent upon approval by the city, the lack of an inspection will not toll limitations.

■ In 1979, the legislature amended Tex.Rev.Civ.Stat.Ann. art. 5526, § 4, and art. 5527, extending the limitations period pertaining to actions for debt from two years to four years. However, this would not benefit appellee because, even though the cause was tried after the effective date of the amendments, the period of limitation had run under the pre-1979 amendments before the suit was filed. Generally, acts of the legislature will not be applied retrospectively unless it appears from the language of the entire act that it was the intent of the legislature to make it applicable to both past and future transactions. *Ex Parte Abell*, 613 S.W.2d 255 (Tex.1981). Also, it is doubtful whether such an extension of the period of limitation on an accrued cause of action can be applied retrospectively. See *Mellinger v. Mayor of Houston*, 68 Tex. 37, 3 S.W. 249 (1887).

Reversed and rendered.