**NATIONAL MAR–KIT, INC., Appellant,**

v.

**Roy Jimmie FORREST, Appellee.**

No. C14–84–227CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 21, 1985.

Louis J. Gurwitch, Lackshin & Nathan, Houston, for appellant.

Albert L. Giddens, Pasadena, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

National Mar-Kit, Inc., (Mar-Kit) appeals from a judgment rendered in favor of Roy Jimmie Forrest for $15,000 and $1,500 in attorney's fees. The nature of the suit is at issue. Appellant Mar-Kit claims that appellee brought a suit on a note and bases its major points of error on that premise. Appellee Forrest considers his cause of action a suit on a loan apart from the note. Considering the pleadings and the facts established in the record, we agree with appellee and affirm the judgment.

In July, 1978, Forrest returned to the United States after working abroad. While visiting in the home of his friends and one-time neighbors, Elvis and Martha Stone, he mentioned the fact that he had saved $45,000.00 during his absence and was looking for a place to invest his money. At that time Elvis Stone was president and general manager of a closely held corporation, National Mar-Kit, Inc. Forrest testified that Stone suggested that Forrest loan some of the money to the corporation at 15 percent interest. Thinking the offer a good one, Forrest agreed and in November wrote a check for $15,000 payable to Elvis Stone, personally.

Forrest testified that Stone had suggested the loan was "to the corporation" and it was Forrest's impression that he was lending money to the corporation. Stone remembers the transaction differently. He testified by deposition that the loan was to him personally but there had been some discussion that he might in turn loan the money to the corporation.

The check was endorsed by Stone and deposited into Mar-Kit's account. Stone withdrew the funds a few days later and used them for personal and family living expenses.

In late December, 1978, or early January, 1979, Forrest asked Stone for a promissory note to evidence the loan. Forrest was attempting to borrow money to buy a house and needed the note for proof of his financial status. Forrest accepted from Stone a note naming Stone, personally, as maker. In October, 1979, Forrest advised Stone that he wanted payment on the note and was giving ninety days' notice. Both Stone and the corporation have refused to pay the loan or the note upon demand. In April, 1980, Forrest returned to Stone the note. Forrest continued to seek payment and on August 5, 1981, filed suit against Elvis Stone, Martha Stone and appellant, National Mar-Kit, Inc.

Appellee's first amended petition alleges that Stone, acting as an officer of the corporation, requested a loan for the corporation and that Forrest was induced to make the loan by Stone's representations that the loan was to the corporation. Nowhere in the petition does Forrest mention that the debt sued upon was evidenced by a note. The case was tried before the court. Judgment was rendered against National Mar-Kit, Inc., only.

Findings of fact and conclusions of law were filed. The court found as a fact that Forrest loaned National Mar-Kit, Inc., $15,000.00 pursuant to a request by Stone acting as an officer of the corporation. One of the conclusions of law was that National Mar-Kit, Inc., was indebted to Forrest in the amount of $15,000.00.

▮ Appellant's first eight points of error are all based upon the premise that the suit and judgment are based upon the note. His argument under the first four points is that the corporation cannot be obligated or indebted on a negotiable instrument unless its signature appears on the instrument.

Tex.Bus. & Com.Code Ann. § 3.401 (Tex. UCC) (Vernon 1968). He then argues that any evidence offered to show that the corporation is obligated on the note is inadmissible parol evidence that cannot support the judgment, citing *First State Bank v. Dyer,* 151 Tex. 650, 254 S.W.2d 92 (1953); *Farrier v. Hopkins,* 131 Tex. 75, 112 S.W.2d 182 (Tex.1938); and *Vector Corp. v. First State Bank & Trust Co.,* 430 S.W.2d 536 (Tex.Civ.App.—Waco 1968, writ ref'd n.r. e.). We find that *Dyer, Farrier* and *Vector* are not controlling here because Forrest did not sue on the note, but on the underlying obligation of the corporation. Since the suit was not based upon a note, the parol evidence rule had no application.

■ It is clear that Forrest did have the option of suing on the underlying obligation rather than the note. Delivery of the note of a third person (Stone) to the creditor does not constitute payment or release of a preexisting debt unless there is an express agreement to that effect between the parties to the transaction. *Stone Fort National Bank v. Elliott Electric Supply Co.,* 548 S.W.2d 441, 444 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *McDowell v. Miller,* 557 S.W.2d 266, 271 (Mo.Ct.App. 1977) (a case with strikingly similar facts to the case at bar); *See also Marion Machine Foundry & Supply Co. v. Peck,* 265 S.W. 195 (Tex.Civ.App.—Amarillo 1924, no writ).

■ Additionally, Mar-Kit waived any claim that acceptance of the note released Mar-Kit because it failed to affirmatively plead payment or novation. Tex.R.Civ.P. 94.

The court's conclusion of law that Mar-Kit was indebted to Forrest is based upon the finding of fact that Forrest loaned the money to the corporation pursuant to a request by Stone acting for the corporation. We do not hold, nor should it be implied from this opinion, that Stone had the authority to obligate the corporation on the loan simply because he was president and general manager of the corporation at the time. The law seems to be otherwise. *See Collin County Savings & Loan v. Miller Lumber Co.,* 653 S.W.2d 114 (Tex.

App.—Dallas 1983, no writ); *Gunn v. Schaeffer,* 567 S.W.2d 30 (Tex.Civ.App.—El Paso 1978, no writ); *Guaranty Bank & Trust Co. v. Beaumont Cadillac Co.,* 218 S.W. 638 (Tex.Civ.App.—Beaumont 1920, writ dism'd); *Continental Assurance Co. v. Supreme Construction Co.,* 375 F.2d 378 (5th Cir.1967).

■ Reading the points of error along with the arguments under those points, we hold that the scope of the points does not include the issue of lack of authority to borrow on behalf of the corporation. *State ex rel. City of Colleyville v. City of Hurst,* 521 S.W.2d 727, 730 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). We are not allowed to reverse a judgment upon unassigned error. *Department of Human Resources v. Wininger,* 657 S.W.2d 783 (Tex. 1983); *Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982). Points of error one through four are overruled.

■ The next four points of error all concern the fact that Forrest returned the note to Stone. Appellant asserts that Forrest has released Mar-Kit of any obligation by returning the note with a letter containing a covenant not to sue on the note. Even if the court was in error in these matters, appellant Mar-Kit cannot have been harmed. Any release by Forrest of Stone's obligation under the note would not release the corporation. Any covenant not to sue was between Stone and Forrest alone. Points of error five through eight are overruled.

■ In point of error nine the appellant Mar-Kit argues that a suit on an oral loan is barred by the two-year statute of limitations in effect at the time the loan was made. Tex.Rev.Civ.Stat. art. 5526 (1925), *amended by* Act of June 13, 1979, ch. 716, § 1, 1979 Tex.Gen.Laws 1768. Appellee argues that the new four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5527 (Vernon Supp.1984), applies because it became effective August 27, 1979, before the old two-year statute had barred his action. We agree with appellee.

The loan agreement contained no time for payment and, therefore, was payable on demand. The cause of action accrued and either limitation period began to run from the date of the loan. *Cook's Administrators v. Cook,* 19 Tex. 434, 436 (1857). Appellee alleged in his petition that the loan was made November 27, 1978.

When the two-year statute of limitation period runs prior to the amendment extending the statute to four years, article 5527 cannot be applied. *Smith v. Kirkwood & Hunter Electric Co.,* 635 S.W.2d 171 (Tex. App.—Houston [1st Dist.] 1982, no writ).

The result changes when the act amending articles 5526 and 5527 took effect before appellee's action was barred under the two-year rule because Mar-Kit's defense of limitations did not become a vested right until the limitation period had actually run.

We base this decision on *Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249 (1887). In 1884, the City of Houston sued Mellinger for back taxes for the years 1875, 1876, 1877, 1878, 1879 and 1880. *Mellinger* claimed the action for each of the years was barred by the two-year statute of limitations. On July 4, 1879, a statute became effective making the defense of limitation no longer available to a delinquent taxpayer. The supreme court held that because the two-year statute of limitations had already run on the taxes due in 1875 and 1876 at the time the law became effective, the city was barred in its action as to those years. The city could sue on the taxes due since 1877. The court reasoned that the defendant taxpayer did not have a vested right to resist the enforcement of the city's claim until the facts giving him that right by law came into existence. 3 S.W. at 253. The four-year statute of limitations in article 5527 does apply to the Forrest loan whether or not it is based on a purely oral agreement or on a written contract. The ninth point of error is overruled.

■ Appellee presents one cross-point. He complains that the court erred in limiting attorney's fees to 10 percent of the note when the uncontroverted evidence supported a much higher award. A court is not mandated to award attorney's fees equal to those testified to at trial. *Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 841 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The fact that the fees awarded were the same as provided for in the note does not necessarily imply that the court incorrectly concluded that it was limited by the terms of the note. The court could have concluded that the provision in the note was evidence of what was a reasonable fee. Appellee's cross-point is overruled.

The judgment is affirmed.