**Blanche ALAIMO, Appellant,**

v.

**The WOODLANDS NATIONAL BANK, Appellee.**

**No. 09 85 095 CV.**

Court of Appeals of Texas, Beaumont.

Sept. 26, 1985.

Dexter Patterson, Woodlands, for appellant.

John Hagerman, Spring, for appellee.

OPINION

DIES, Chief Justice.

Plaintiff below, The Woodlands National Bank, sued one of its depositors, Blanche Alaimo, defendant below, alleging that "the sum of $5,000 was inadvertently and incorrectly deposited into the Defendant's checking account...."; that defendant withdrew the money, wrongfully appropriating it. A summary judgment was granted plaintiff for this amount together with attorney's fees. Defendant has perfected appeal to this Court on the sole proposition that the award of attorney's fees is unauthorized under Texas law and, therefore, improper.

Plaintiff attached to its motion for summary judgment as "Exhibit A" a copy of the deposit agreement. Such agreement does not mention attorney's fees.[1]

1. The agreement, in part, reads: "The depositor (whether one or more) requests The Woodlands National Bank ... to open an account with such depositor and agrees to be bound by the terms hereon and on the reverse side." These terms are:

"The Customer, whose authorized signatures appear on the reverse side hereof, hereby each agree with the other and with this Bank that this Bank may pay amounts at any time on deposit in this account to or on the order of any of said Customers either before or after the death of the other (or any one or

Defendant correctly states that there is no statutory authority for attorney's fees in a negligence case. *TEX.REV.CIV. STAT.ANN. art. 2226* (Vernon Supp.1985) does allow recovery of such fees for "suits founded on oral or written contracts," and further states that "[t]his Act shall be liberally construed to promote its underlying purposes."

In *Frost Nat. Bank v. Nicholas and Barrera,* 534 S.W.2d 927, 933 (Tex.Civ.App. —Tyler 1976, writ ref'd n.r.e.), we find: "The relationship between bank and depositor is contractual.... 8 TEX.JUR.2d Banks, Secs. 234, 236." *Accord: Upper Valley Aviation v. Mercantile Nat. Bank,* 656 S.W.2d 952, 955 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); and in *Collin County Sav. & Loan v. Miller Lumber,* 653 S.W.2d 114, 119 (Tex.App.—Dallas 1983, no writ), we find:

"Finally, Collin Savings complains of the award of attorneys' fees. We conclude that, because recovery of the deposit was proper, the award of attorneys' fees is also proper under Tex.Rev.Civ. Stat.Ann. art. 2226 (Vernon Supp.1982–1983)."

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.

more of the others), without reference to the ownership of the funds so deposited, and such payment shall be valid and shall discharge this Bank from liability. Each of the Customers appoints the other attorney, with power to deposit in said joint account moneys of the other and for the purpose to endorse any check, draft, note or other instrument payable to the order of the other or both Customers. In the event of the death of any or all of said Customers further payment may at the option of this Bank, be conditioned upon the production of evidence that all inheritance or estate taxes, if any be due, have been paid and that all other provisions of law in such cases made and provided have been fulfilled. This agreement may be terminated upon written notice to the Bank from one of the Customers and, after receipt of such written notice by the Bank, no business will be conducted in connection with said account unless all of the Customers agree in writing. The power of attorney granted herein shall not terminate on disability or incompetence of the Customer granting the same."