GUY C. RALEY v. WICHITA COUNTY ET AL.

No. 6223. Decided June 19, 1934.
(72 S. W., 2d Series, 577.)

*T. R. Boone, E. T. Duff,* and *Gladys Reed,* all of Wichita Falls, for plaintiff in error.

Wichita County having admitted that they received the money from Raley, the tax collector, and that said money was turned over to the county pursuant to an agreement with the County Judge of Wichita County, that if the Act of 1919 was declared invalid said money would be returned to Raley, said money was held by Wichita County pending the determination of whether or not said act was invalid.

Under such an agreement Wichita County would be under an implied contract to return said money to Guy C. Raley when said act was declared unconstitutional under the case of Bitter v. Bexar County, 11 S. W. (2d) 163; 3 Page on Contracts, pars. 1473-1479; Green v. Brown, 22 S. W. (2d) 701; Moore v. Oates, 220 S. W., 657; St. Louis Union Trust Co. v. Harbaugh, 205 S. W., 496.

*L. V. Abernathy,* County Attorney, and *Harris & Martin,* all of Wichita Falls, for defendants in error.

Plaintiff's suit was barred by two and four years statute of limitation. R. S., 1925, Arts. 5526, 5529; 37 C. J., 727, 1136; Dean v. McAdams Lumber Co., 172 S. W., 762; Young v. Sorenson & Hooper, 154 S. W., 676; Community Nat. Gas Co. v. North Texas Utility Co., 13 S. W. (2d) 184; Mellinger v. City of Houston, 68 Texas, 37, 3 S. W., 249.

The County Judge by his oral statement cannot bind the county, in the absence of express authority from the Commissioners Court duly entered upon its minutes. Miller, County Judge, v. Brown, 216 S. W., 452; Moore v. McLennan County,

275 S. W., 478; Wallace v. Madison County, 281 S. W., 593; Ex parte Thomas, 108 Texas Crim. Rep., 653, 2 S. W. (2d) 270; Mecom v. Ford, 113 Texas, 109, 252 S. W., 491.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Guy C. Raley, tax collector of Wichita County from January 1, 1923, to December 31, 1925, on February 15, 1929, filed this suit against the county and its commissioners court, to recover five per cent commission upon certain delinquent taxes alleged to have been collected by him and by him turned over to the County Treasurer without retaining such commission.

Based upon a jury's findings on special issues, the trial court rendered judgment against Wichita County in the sum of $2813.71 with six per cent interest from February 7, 1929, said amount representing five per cent of the delinquent taxes collected by Raley, as tax collector, from January 1, 1923, to August 26, 1923. This judgment was reversed by the Court of Civil Appeals (46 S. W. (2d) 728) and the case is before us on writs of error granted both to Raley and to the county, Raley contending that the judgment of the trial court should be affirmed, and the county insisting that the judgment should not only be reversed as ordered by the Court of Civil Appeals, but should be here rendered in its favor.

The collector's claim is founded upon the Act approved April 3, 1915 (Chap. 147, Reg. Sess. 34th Leg.), under which for preparing the delinquent tax record, he is entitled to a commission of five per cent on the amount of all delinquent taxes collected, in addition to other commissions "now allowed him by law." (Sec. 3.)

By Act approved July 28, 1919 (Chap. 64, 2d Called Sess., 36th Leg.), the above commission is required to be accounted for as fees of office under the Maximum Fee Bill. (Sec. 2.)

After enactment of the Amendment of 1919 said item of commission was accordingly accounted for, and where an "excess" under the Maximum Fee Bill, was turned into the County Treasury, as "excess" fees.

However, in Bitter v. Bexar County, 11 S. W. (2d) 163 (Com. App.), the court held ineffective so much of Sec. 2 of the 1919 Act as amended by Sec. 3 of the 1915 Act and therefore the 1915 Act, to that extent, remained in effect.

It is the contention of Raley, therefore, that the 1919 Act (which required the officer to account for such fees) having been stricken, the 1915 Act (which did not require such ac-

counting) controls and he is entitled to the fees, with no accountability under the Maximum Fee Bill.

But, by Act approved May 26, 1923 (Chap. 13, 2d Called Sess., 38th Leg., Sec. 3 of Chap. 147, Reg. Sess., 34th Leg., as amended by Sec. 2, Chap. 64, 2d Called Sess., 36th Leg., was expressly repealed (Sec. 10) and the collector's fees made subject to accounting and not to increase the maximum compensation allowable to him by law. The parties treated this Act as having become effective on August 24, 1923. It was supplemented by the Act approved June 21, 1923 (Chap. 21, 3d Called Sess., 38th Leg.), providing that such fees shall be accounted for as fees of office and not increase the maximum compensation allowed by law.

The county's defense is that the claim is barred by the statutes of limitations of two and of four years; that said fees were voluntarily turned into the County Treasurer and that the collector is not entitled to any such fees collected since August 26, 1923, nor since September 21, 1923, because the law relied upon and pleaded by him was repealed by the Acts of the 38th Legislature.

Raley replied to the county's answer, by alleging an understanding with the County Judge and Commissioners, upon which he relied, to the effect that if it were determined at a later date that he and not the county was entitled to the money, the same would be repaid to him and therefore the county is estopped from setting up the plea of limitations or voluntary payment.

The trial court submitted the issue of voluntary payment—the jury found that Raley did pay such money, including delinquent taxes and the commission, to the county, voluntarily.

The jury found also that the Commissioners Court, acting as such, did not direct payment by Raley to the county of such commissions, though they did find that the County Judge, acting as such, directed the payments to be made and informed Raley that if he would pay over to the county all monies collected as delinquent taxes and not retain the five per cent commission and later it was determined that said Raley was entitled to the commission, the county would return it to him, but in this connection the jury found also that Raley would have paid said five per cent commission to the County Treasurer, if the County Judge had not made such promise to him and that said payment was not made to the treasurer, to be held by the county pending the final determination of the validity of the Act of 1919.

■ Under the general limitations statutes this claim was barred when sued on (Bitter v. Bexar County, 11 S. W. (2d) 163), and could be rescued from that bar only by the act of May 22, 1929 (1st Called Sess., Chap. 95, 41st Leg., p. 234), but this Act of 1929 did not become effective until ninety days after adjournment of that session, viz: on August 19, 1929, and was not in force when the case was tried and judgment rendered below.

The suit was filed on February 15, 1929; trial was completed and the jury's verdict rendered on June 27, 1929, with the judgment finally entered on August 12, 1929. The county's motion for new trial was overruled on August 31, 1929, when court adjourned for the term.

That the statute of limitations in force at the time the suit is brought or at least when the case is tried, determines the right of a party to sue for a claim, is we think the unquestioned law. Easterling v. Murphey, 11 S. W. (2d) 329, writ of error refused; Patterson v. Garner, 6 How., 550, 12 L. Ed., 553.

The Court of Civil Appeals therefore erred in applying the Act of 1929 (1st Called Sess., 41st Leg.), to the case for the purpose of saving the claim from limitations, effective when it was tried. No pleading claimed any rights under the act; the act could not have had any weight with the trial court because it was then non-existent.

■ The plaintiff's answer to the county's plea of limitations is based only upon an alleged estoppel because of the alleged agreement with the County Judge, as above stated, and an alleged order of the Commissioners Court made within four years preceding, agreeing to pay plaintiff whatever sums of money he may be justly entitled to.

The record, as well as the jury's findings, show that no such order was made by the Commissioners Court.

There is evidence to support the jury's finding of said promises by the County Judge; this precise question was before the court in Wichita County v. Tittle, 27 S. W. (2d) 649. Tittle was Raley's immediate predecessor in office and sued for recovery of the same character of fees paid over by him into the county treasury. The Court of Civil Appeals there held—correctly, we think—that such an agreement between the County Judge and tax collector is invalid and not binding on the county.

As such an agreement is invalid, necessarily the bar of the statute based thereon is not tolled.

The Act of 1929 above referred to was enacted as a result

of the decision in Bitter v. Bexar County, 11 S. W. (2d) 163, and if this case had been tried while it was in force, a different question might be presented.

Relevant sections of the act read as follows:

"Section 1. That any person in the State of Texas who formerly served as a duly elected and qualified Tax Collector of any county of this State while subject in that capacity to the terms and provisions of the law known as the Maximum Fee Bill, and who, during such time, collected and paid over to the Treasurer of such county the fees and commissions set out and provided for in Section 3 of Chapter 147, Acts of the Regular Session of the 34th Legislature, 1915, or any part of such fees and commissions, is hereby authorized to bring suit in any competent court of this State against such county so served by him to collect and recover all such fees and commissions so paid over by him, provided such suits shall be brought in the county where such fees and commissions were collected and erroneously or wrongfully paid over as hereinabove set out.

"Sec. 3. In case any such suit be brought against any county in this State for the purposes set out in Section 1 of this Act, no plea of limitation shall be available to such county as a defense to any such suit, and in any cross action filed by a county against the plaintiff in any suit authorized by this Act for money due the county by the Tax Collector, the plea of limitation to such cross action shall not be available to the plaintiff.

"Sec. 5. The fact that the Supreme Court of Texas in the case of Bitter v. Bexar County, 11 S. W. (2d) 163, has held that Section 2, Chapter 64, of the Acts of the Second Called Session of the 36th Legislature, 1919, is unconstitutional, and the further fact that many Tax Collectors, acting under said Act, have erroneously paid money to some of the counties of this State, create an emergency, and a public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended, and that this Bill be put on its third reading and final passage, and it is so enacted."

Its constitutionality was upheld in Limestone County v. Robbins, 120 Texas, 341, 38 S. W. (2d) 580, and White v. Navarro County, 40 S. W. (2d) 868, but in both cases the right to recover in spite of limitations was bottomed upon the act itself. Thus, in the Robbins case Judge Harvey said "this act was in effect when this case was tried in the court below" and in the White case the Act of 1929 was specially plead and claim thereunder first made to and refused by the county commis-

sioners court, after which the suit was filed.

This Act of 1929 was afterwards repealed by the Legislature (Chap. 3, Gen. Laws, 41st Leg., 4th Called Sess., p. 3, Acts 1930),—the repealing act did not affect suits then pending under the right of action conferred by the repealed act, rights having accrued thereunder, but only because of it. Limestone County v. Robbins, supra; White v. Navarro County, supra.

In the case at bar, no rights were claimed under the 1929 act, because the case had been tried and disposed of before that act ever existed. In the Robbins case, the act was in effect when the case was tried in the court below; the White case was pending when the repealing act of 1930 was passed.

We have therefore concluded that the judgment of the Court of Civil Appeals should be affirmed, insofar as the same reverses the lower court, but that the remand of the cause should be reversed and judgment be here rendered in favor of Wichita County, its County Judge and Commissioners, and against said Guy. C. Raley, and it is so ordered.

Opinion adopted by the Supreme Court, June 19, 1934.