Linda Kay **BALDRIDGE**, Appellant,

v.

Charles H. **HOWARD**, M.D., Appellee.

No. 05–85–00589–CV.

Court of Appeals of Texas,
Dallas.

March 17, 1986.
Rehearing Denied April 23, 1986.

William V. Dunnam, Dunnam, Dunnam, Horner & Meyer, Waco, for appellant.

Maureen Murry, Thompson & Knight, Dallas, for appellee.

Before WHITHAM, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

This is an appeal from a summary judgment in a medical malpractice case. The trial court granted summary judgment on the ground that the cause of action was barred by the statute of limitations. For the reasons below, we reverse and remand for trial.

Appellant, Linda Kay Baldridge, underwent a thyroidectomy on September 30, 1973. In a suit filed November 23, 1983, she alleged that appellee, Charles H. Howard, M.D., was negligent in "failing to avoid cutting, severing, tearing, or otherwise damaging her laryngeal nerves" during the thyroidectomy. She further alleged that the severed nerves resulted in bilateral paralysis of her vocal cords resulting in a loss of her ability to vocalize normally. She alleges that she was unable to discover the severed nerve condition until October 31, 1982. On that date, she was admitted to a hospital for a tracheotomy allegedly necessitated by the severance of her laryngeal nerves.

■ The trial court did not identify the statute of limitations it applied to this cause of action. Generally, the statute of limitations in force at the time suit is brought provides the applicable limitation period. *Raley v. Wichita County*, 123 Tex. 494, 72 S.W.2d 577, 579 (Tex.Comm'n App.1934, opinion adopted). The applicable statute at the time this case was filed is article 4590i, section 10.01 of the Revised Civil Statutes. It provides:

*Limitation on health care liability claims*

Sec. 10.01. Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

TEX.REV.CIV.STAT.ANN. art. 4590i, § 10.01 (Vernon Supp.1986). The question arises: Is the statute of limitations in effect at the time of filing suit applicable to a cause of action that resulted from surgery in 1973? The answer is no.

■ A limitations statute will be presumed to operate prospectively unless its terms clearly show legislative intent that it is to be retroactive. *Highland Park Independent School District v. Loring*, 323 S.W.2d 469, 470 (Tex.Civ.App.—Dallas 1959, no writ); *cf. Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company*, 563 S.W.2d 916, 918 (Tex.1978) ("It is the law of this State, and the law generally, that, in the absence of any special indication or reason, a statute will not be applied retroactively, even when there is no constitutional impediment against it.")

■ The legislative intent to apply the present statute of limitations prospectively, and not retroactively, is found in section 41.01 of the Medical Liability and Insurance Improvement Act, which states:

The provisions of this Act shall apply only to causes of action based on health care liability claims accruing after the effective date of this Act.

Medical Liability and Insurance Improvement Act, ch. 817, § 41.01, 1977 Tex.Gen. Laws 2039, 2064 (section 41.01 is uncodified and appears only as a footnote in article 4590i). Thus, we hold that article 4590i, section 10.01 applies only to medical malpractice claims arising from conduct *subsequent to* the effective date of the act, *viz.,* August 29, 1977. *See, Harvey v. Denton,* 601 S.W.2d 121, 126 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.); and *Doran v. Compton,* 645 F.2d 440, 447 (5th Cir.1981) (article 5.82, section 4 of the Texas Insurance Code (Act of June 3, 1975, ch. 330, § 1, 1975 Tex.Gen.Laws 864, 865, *repealed by* Act of Aug. 29, 1977, ch. 817, Part 1, 1977 Tex.Gen.Laws 2039, 2052), containing essentially the same provisions, was held not to be applied retroactively).

Consequently, we apply the statute of limitations in article 5526 of the Revised Civil Statutes (since repealed) that was in effect when the surgery occurred. Article 5526 provided in pertinent part:

> There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> 6. Action for injury done to the person of another.

TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon 1958).

■ Although article 5526 seemed to require the filing of suit within two years of an injury, Texas courts have held that a cause of action accrues when an injury is or should have been discovered. *Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977). Thus, under article 5526, a litigant could timely bring suit within two years of discovering his injury. Therefore, the central issue in this case is when Baldridge discovered or should have discovered the nature of the injury.

In support of his motion for summary judgment, Howard relies on the affidavit of Jim E. Gilmore, M.D. Doctor Gilmore states in his affidavit that Baldridge consulted him for a problem with her voice. He examined her and states:

> In February, 1974, I fully advised Mrs. Baldridge of the results of my examination. She was told that a paralyzed left vocal cord was the reason for her voice problem. We further discussed the possible causes of a left vocal cord paralysis, including the most likely possibility, injury to the recurrent laryngeal nerve during her October, 1973, thyroidectomy. In my opinion, therefore, Mrs. Baldridge was aware that she had a left vocal cord paralysis in February, 1974.

Baldridge responded to Howard's affidavit with the following:

> At no time did Dr. Charles H. Howard or Dr. Jim E. Gilmore ever tell me that any problems that I had were anything other than temporary. I was always assured that the problems that I was suffering following the thyroid surgery done by the Defendant Charles H. Howard, M.D., would resolve themselves given time. I relied upon these representations and did not know that I was suffering bilaterial [sic] vocal cord paralysis until the later [sic] part of 1982. I had no reason to disbelieve the statements made to me by Dr. Charles H. Howard, M.D. and until I was told that I had bilaterial [sic] vocal cord paralysis in the latter part of 1982, I was never aware of that problem.

■ The issue on appeal is whether, as a matter of law, Baldridge knew or should have known in February 1974 that she had suffered a permanent injury to her vocal cords as a result of Howard's surgery in 1973. Howard contends that, because Dr. Gilmore informed Baldridge in 1974 that she had an injury to her recurrent laryngeal nerve and that it was most probably caused by the thyroidectomy in 1973, her cause of action accrued in 1974, the date she discovered or should have discovered the nature of her injury. He cites *Weaver,* 561 S.W.2d at 793, in support of this contention.

In *Weaver,* a surgeon was alleged to have severed nerves during a hemorrhoidectomy performed in 1971. The plaintiff

did not file suit until 1976. Summary judgment, grounded on the statute of limitations, was granted in favor of Witt, the surgeon. In reversing, the supreme court applied the discovery rule—the legal principle that a statute of limitations barring prosecution of an action for medical malpractice runs, not from the date of the practitioner's wrongful act or omission, but from the date that *the nature of the injury* was or should have been discovered by the plaintiff. *Weaver*, 561 S.W.2d at 793–94 (emphasis added). The court went on to hold that to be entitled to summary judgment, the burden is on the movant to negate the pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered *the nature of the injury.* *Id.*, at 794 (emphasis added).

In the present case, the critical question is whether Dr. Gilmore's affidavit proves as a matter of law that there was no genuine issue of material fact as to when Baldridge should have discovered the nature of her injury. In determining whether there is no disputed fact issue, evidence favorable to Baldridge must be taken as true; every reasonable inference from the evidence must be indulged in favor of Baldridge; and any doubt must be resolved in her favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984).

The summary-judgment evidence favorable to Baldridge indicates that she sustained permanent injury to her vocal cords; that the right vocal cord was paralyzed as well as the left; and that she was told that her injury, while likely due to the thyroidectomy, was temporary and would resolve itself. This evidence was not refuted as a matter of law by Dr. Gilmore's affidavit. His affidavit only raises a fact question of whether Baldridge understood the *nature* of her injury. Indeed, Dr. Gilmore's affidavit states only that Baldridge suffered a paralysis of her left vocal cord as a likely result of her thyroidectomy in 1973. It does not state that the injury was caused by a severing of the laryngeal nerve; it does not state that the injury was permanent; and it does not state anything regarding a bilateral paralysis, *i.e.*, a paralysis of both left and right vocal cords. Dr. Gilmore's affidavit does not dispose of the genuine issue of material fact concerning the time when Baldridge should have discovered the nature of her injury.

Even taking all of the facts in Baldridge's response and affidavit as true, Howard contends that Dr. Gilmore's affidavit proves that Baldridge was aware in February 1974 that there was a *likely association* between the thyroid surgery and the paralysis of her left vocal cord. Consequently, he argues, she could have known about her injury and cause of action if she had exercised reasonable diligence and pursued further inquiry into her medical problem. Therefore, he maintains, she is barred by the discovery rule. Howard confuses discovery of the possibility of some injury with discovery of the *nature of an injury.* In reading Baldridge's response to the motion and her affidavit, we hold that there is a question as to whether she knew or should have known that she had a *permanent* paralysis to her vocal cords or whether the paralysis was a natural but temporary result of the surgery. Baldridge's response and affidavit raise the fact question of whether she knew the real nature of her injury. In February 1974, did she know or should she have known that her vocal cord paralysis was permanent as a result of severed laryngeal nerves? Or, was Baldridge led to believe that the paralysis was temporary as the natural by-product of the thyroidectomy? If, in February 1974, Baldridge knew that her injury was caused by Howard and was of a permanent nature, she should have filed suit then. On the other hand, if she believed it was a temporary result of surgery, there would be no reason for filing suit. Certainly, after viewing the evidence favorable to Baldridge, we hold that there remains a fact issue as to whether, in February 1974, she understood the nature of her injury. Consequently, it was error to grant summary judgment under article 5526.

■ Assuming arguendo that article 4590i, section 10.01 applies in this case, we hold that the trial court still erred in granting summary judgment. Baldridge raises a fact issue in her affidavit and response as to when she knew or should have known the nature of her injury. For the purposes of appellate review, we take as true the fact that Baldridge did not discover the nature of her injury until the latter part of 1982. Applying article 4590i, section 10.01, Baldridge's cause of action would not be barred because of the open courts provision of the Texas Constitution. TEX. CONST. art. I, § 13. *See, Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985). The open courts provision protects citizens, such as Baldridge, from legislative acts that abridge their right to sue before they have a reasonable opportunity to discover the wrong and bring suit. *Id.*

Reversed and remanded to the trial court.