Ronnie Lee ALLEN and Jackie
N. Allen, Appellants,

v.

Edwin J.T. TOLON, M.D., Appellee.

No. 11–95–269–CV.

Court of Appeals of Texas,
Eastland.

Feb. 22, 1996.

Benton Musslewhite, Houston, for appellants.

Michael Feehan, Marguerite O'Connell, Nicole Andrews, Dunn, Kacal, Adams, Pappas & Law, Houston, for appellee.

Before ARNOT, C.J., and DICKENSON and WRIGHT, JJ.

DICKENSON, Justice.

This medical malpractice claim was filed more than three years after the one-time examination of the patient by the doctor. The patient and his wife claim that the doctor was negligent in failing to diagnose cancer when the patient was examined by the doctor for rectal bleeding. The patient and his wife claim that this negligence was the proximate cause of damages which could have been prevented if the doctor had made a proper diagnosis or referral.

1. This act is codified at TEX.REV.CIV.STAT.

The trial court granted summary judgment that the patient, Ronnie Lee Allen, and his wife, Jackie N. Allen, take nothing from Edwin J.T. Tolon, M.D. The summary judgment proof shows that Dr. Tolon examined the patient on only one occasion: May 15, 1991. The Allens' first lawyer sent a "notice of claim letter" to Dr. Tolon on August 28, 1992, but the lawsuit was not filed until July 10, 1994. We affirm.

### Statute of Limitations

Section 10.01 of the Medical Liability and Insurance Improvement Act[1] specifically provides:

> Notwithstanding any other law, *no health care liability claim may be commenced unless the action is filed within two years* from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. (Emphasis added)

### Points of Error

Appellants have briefed four points or error. They argue that the trial court erred in granting summary judgment for appellee because (Point One) a strict application of Article 4590i, section 10.01 would be unconstitutional under the "open courts" provision of the Texas Constitution; (Point Two) there was a genuine issue of material fact as to fraudulent concealment; (Point Three) there was a genuine issue of material fact as to whether appellants filed their lawsuit within two years after they should have discovered their causes of action under the Texas Deceptive Trade Practices–Consumer Protection Act; and (Point Four) there was a genuine issue of material fact as to whether their cause of action "could even have arisen" until they secured the services of an expert.

ANN. art. 4590i (Vernon Pamph.1996).

### The "Open Courts" Provision

■ Appellants cite that portion of TEX. CONST. art. I, § 13 which states that: "All courts shall be open, and every person for an injury done ... shall have remedy by due course of law." Our Supreme Court held in *Neagle v. Nelson*, 685 S.W.2d 11 (Tex.1985), that the two-year limitation period in Article 4590i, section 10.01 was unconstitutional under the "open courts" provision:

[T]o the extent that it purports to cut off an injured person's right to sue before the person has a reasonable opportunity to discover the "wrong" and bring suit.

See also *LaGesse v. PrimaCare, Inc.,* 899 S.W.2d 43, 45 (Tex.App.—Eastland 1995, writ filed); *Adkins v. Tafel,* 871 S.W.2d 289, 294 (Tex.App.—Fort Worth 1994, no writ).

■ The summary judgment proof before us shows that the patient and his wife discovered their claim for medical malpractice more than a year before the limitations period expired; consequently, the two-year statute of limitations in Article 4590i, section 10.01 does not violate the "open courts" provision of the Texas Constitution. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987), makes it clear that:

This statute adopted an absolute two-year limitations period and abolished the "discovery rule" in health care liability claims.

See also *LaGesse v. PrimaCare, Inc., supra; Adkins v. Tafel, supra.* The first point of error is overruled.

### Fraudulent Concealment

■ There is no summary judgment proof of any fraudulent concealment, and the patient and his wife had the burden of supporting their allegation of fraudulent concealment with summary judgment proof. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974); *Warner v. Sunkavalli,* 795 S.W.2d 326, 328 (Tex. App.—Eastland 1990, no writ).

Appellants refer to entries dated May 15, 1991, on the doctor's chart for Ronnie Allen.

That chart was attached to the doctor's motion for summary judgment, and it showed:

Pt complains of rectal bleeding. After exam it was noted pt has external Hemorrhoids. Dr. recommends further test Pt doesn't at this time want test. (no money)

Pt was encouraged to do routine sigmoidoscopy....

Anusol supp. 1 at Bedtime

return if bleeding continues [2]

Appellants also refer us to Ronnie Lee Allen's affidavit which was attached to their response to the doctor's motion for summary judgment. That affidavit states in relevant part:

I went to Dr. Edwin J.T. Tolon on May 15, 1990 (sic) and Dr. Tolon examined me, he recognized that I had problems in colon rectal area but *he failed to test me as he should have and he failed to refer me to anyone to perform any tests....* Someone told me in August of 1992 that if Dr. Tolon had run tests upon me when he first examined me it may have prevented my colostomy. About this time I went to see a lawyer. He told me that he could not pursue my case because he could not determine whether I had a cause of action without consulting an expert witness. He explained to me that he was required to have an expert witness under the medical malpractice statute in order to file suit upon my behalf. Sometime between March and May of 1994 I was discussing my problem with Ms. Gloria Chaplin and she told me to contact Mr. Benton Musslewhite because he handles medical malpractice suits when other lawyers refuse to handle the cases. I did not discover that I had a cause of action against Dr. Tolon until I met with Mr. Musslewhite in 1994.... Mr. Musslewhite then sent out a notice letter and filed suit. (Emphasis added)

This summary judgment proof does not raise a fact issue on fraudulent concealment. As noted above, the "discovery rule" was abol-

---

2. We will disregard those portions of the medical records which show that further tests were suggested to the extent that they conflict with the patient's summary judgment proof. We have viewed the summary judgment proof in the light most favorable to the non-movant's version of the facts.

ished by Article 4590i, section 10.01. The second point of error is overruled.

### Deceptive Trade Practices

 Appellants argue that their claims under the Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM. CODE ANN. § 17.41 et seq. (Vernon 1987 and Supp.1996) are not barred because of the "discovery rule" provided by Section 17.565. However, we note that appellants have no claim under the Deceptive Trade Practices–Consumer Protection Act because of the provision in Article 4590i, section 12.01(a), which clearly states:

> Notwithstanding any other law, no provisions of Sections 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death resulting, or alleged to have resulted, from negligence on the part of any physician or health care provider.

The third point of error is overruled.

### Cause of Action—Expert Witness

Finally, appellants argue that there is a genuine issue of material fact as to whether their cause of action against the doctor "could even have arisen" until they secured the services of an expert witness. We disagree.

 It is true that a patient cannot prevail against his doctor for malpractice, either in diagnosis or treatment, unless he "proves by a doctor of the same school of practice as the defendant" that the diagnosis or treatment complained of was negligent and that it was a proximate cause of the injuries. See *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 782 (1949). This requirement of proof does not toll the statute of limitations. See and compare *LaGesse v. PrimaCare, Inc., supra; Adkins v. Tafel, supra.*

 Appellants also refer to Section 13.01 of Article 4590i. This section requires a patient, not later than the 90th day after the date the claim is filed, to either file "an expert report" or file a cost bond for each physician or health care provider who has

been sued. This requirement does not toll the statute of limitations. It does not prevent the filing of the lawsuit. The fourth point of error is overruled.

The judgment of the trial court is affirmed.