**William A. WHITTLE, Appellant,**

v.

**MCORP PROPERTIES, Appellee.**

**No. 07–99–0166–CV.**

Court of Appeals of Texas, Amarillo.

March 29, 2000.

Rehearing Overruled June 5, 2000.

*Id.*

Whittle Law Firm PLLC, William A. Whittle, Michael W. Gordon, Corpus Christi, for appellant.

Stephen G. Scholl, Brian W. Zimmerman, Houston, for appellee.

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DON H. REAVIS, Justice.

Appellant William A. Whittle appeals from a summary judgment that appellee MCorp Properties recover $15,000 plus interest, attorney's fees and costs, on its action upon an unsecured promissory note. By one issue, Whittle contends the six-year statute of limitations provided in section 3.118(a) of the Texas Business and Commerce Code Annotated (Vernon Supp. 2000)[1] did not apply and that the four-year statute of limitations under section 16.004 of the Texas Civil Practice and Remedies Code Annotated (Vernon Supp.2000)[2] barred MCorp's action. Based on the rationale set out below, we affirm.

On December 2, 1992, Whittle executed and delivered an unsecured note payable to MCorp in the principal amount of $15,-000, bearing interest at the rate of eight per cent per annum. According to the note, the principal and interest were due and payable on the second day of each and every month in installments of $678.41, beginning February 2, 1993, and continu-

1. Hereinafter referred to as section 3.118(a).    2. Hereinafter referred to as section 16.004.

ing each month thereafter until fully paid. After Whittle defaulted in the payment of all installments, MCorp filed its original petition on December 10, 1997, to recover all principal, interest, and attorney's fees. In response, among other things, Whittle affirmatively plead the four-year statute of limitations under section 16.004. Whittle additionally asserted that section 3.118(a) did not apply to MCorp's action. Following a hearing on MCorp's motion for summary judgment, the trial court rendered judgment that MCorp recover $15,000 principal; $6,417.53 interest to April 8, 1998; interest from April 8, 1998 to date of judgment at the rate of $3.2877 per day; attorney's fees; and judgment interest, of and from Whittle.

### Standard of Review

In reviewing a summary judgment, this Court must apply the standards established in *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985), which are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
3. Ever reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

■ By his sole issue, Whittle contends the trial court erred in granting MCorp's motion for summary judgment because the claims asserted by MCorp were barred by limitation. We disagree. Because Whittle presents only a question of law, we will limit our review of the summary judgment

evidence as is necessary to resolution of which statute of limitations is applicable.

■ At the time the note was signed on December 2, 1992, the four-year statute of limitations applied to an action to recover a debt.[3] The first monthly installment on the note became due on February 2, 1993; however, Whittle did not make the first or any of the subsequent payments due on the note. Accordingly, the statute of limitations commenced running on each installment upon Whittle's default. *Hoarel Sign Co. v. Dominion Equity Corp.*, 910 S.W.2d 140, 144 (Tex.App.—Amarillo 1995, writ denied). While the four-year limitation statute was running, but had not fully matured on any installment, the Legislature passed section 3.118(a) which specifically applies to actions on notes.[4] This section, which became effective January 1, 1996, provides that the statute of limitations on an action to recover on a note is six years and, as material here, was enacted before the four-year statute had fully run on any of the installment payments then past due on Whittle's note. When MCorp filed its suit on January 10, 1997, the four-year statute of limitations had completely run on the first eleven of the twenty-four monthly installments due on the note; however, because the four-year statute had not run on any installments when section 3.118(a) became effective, we must determine which statute is applicable.

■ Statutes of limitation do not confer any right of action, but instead are enacted to restrict the period within which a claim might be asserted. *American Nat'l Ins. Co. v. Hicks*, 35 S.W.2d 128, 130 (Tex.Comm'n App.1931, judgm't adopted); *accord Salvaggio v. Houston Indep. Sch. Dist.*, 752 S.W.2d 189, 191–92 (Tex.App.— Houston [14th Dist.] 1988, writ denied). Limitation statutes are also considered

---

**3.** Section 16.004(a)(3) uses the broader term "debt," not "note."

**4.** This section specifically applies to a note payable and does not apply to an action in-

volving a real property lien covered by section 16.035 or 16.036 of the Texas Civil Practice and Remedies Code. Tex. Bus. & Com.Code Ann. § 3.118(a) & (h) (Vernon Supp.2000).

procedural in nature and do not constitute substantive law or create a right of action belonging to a particular party. *See Hicks*, 35 S.W.2d at 130. Rather, these statutes are enacted to restrict the period within which an otherwise unlimited right might be asserted, so that the opposing party has a fair opportunity to defend itself. *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex.1990). Moreover, the defense of statute of limitations is a plea in bar and although the debt may no longer be collected through legal process, a moral obligation to pay or perform survives the running of the statute of limitations. *Rhodes v. McCarron*, 763 S.W.2d 518, 521 (Tex.App.—Amarillo 1988, writ denied). Generally, the statute of limitations in force at the time suit is brought provides the applicable limitations period. *Raley v. Wichita County*, 123 Tex. 494, 72 S.W.2d 577, 579 (Tex.1934). However, if a shorter limitations period had not fully run on the effective date of a new statute, the longer limitations period will apply because the defense of limitations does not become a vested right until the limitations period has actually run. *National Mar–Kit, Inc. v. Forrest*, 687 S.W.2d 457, 460 (Tex. App.—Houston [14th Dist.] 1985, no writ); *Coffey v. Young*, 704 S.W.2d 591, 593 (Tex. App.—Ft. Worth 1986, no writ).

In the case at bar, Whittle's statutory limitations plea began running when he failed to make his installment payments, but the defense had not vested when the new statute became effective. *Forrest*, 687 S.W.2d at 460; *Young*, 704 S.W.2d at 593. Because Whittle's defense based on the four-year statute of limitations had not matured when the six-year statute became effective, we overrule his sole issue. *See* section 3.118(a).

Accordingly, the judgment of the trial court is affirmed.