In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00084-CV

____________


EDMUND J. PANKAU, Appellant


V.


ROBERT I. PACK, Appellee






On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 00-17518






O P I N I O N

 This appeal arises from the trial court's granting of a motion for summary
judgment in favor of appellee. Appellant contends that the trial court erred because
he raised material issues of fact. We affirm.


Background


 This is a suit on a written promissory note for $50,000. The promissory note
was signed on July 31, 1994, by appellee, Robert Pack, and appellant, Edmund
Pankau. The promissory note provided that Pankau would pay Pack on December 20,
1994. After Pankau defaulted on the note, Pack filed suit on April 4, 2000. 

 Both parties moved for summary judgment. The trial court granted Pack's
motion for summary judgment and denied Pankau's motion for summary judgment. In three issues on appeal, Pankau argues that the trial court erred in granting
summary judgment because: (1) genuine issues of material fact existed as to the
authenticity of the promissory note; (2) the statute of limitations had already expired;
and (3) there were exceptions and objections to the evidence offered by Pack.

Standard of Review


 A traditional motion for summary judgment is properly granted when the
movant establishes that there are no genuine issues of material fact to be decided and
that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
Rhone-Poulenc v. Steel, 997 S.W.2d 217, 222 (Tex. 1999). All doubts are resolved
against the movant, and the reviewing court must view the evidence in the light most
favorable to the nonmovant. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991). If the movant's motion and summary judgment proof facially establish his
right to judgment as a matter of law, the burden shifts to the non-movant to raise a
material fact issue sufficient to defeat summary judgment. HBO v. Harrison, 983
S.W.2d 31, 35 (Tex. App.--Houston [14th Dist.] 1998, no pet.). In deciding whether
a disputed material fact issue exists precluding summary judgment, we indulge every
reasonable inference in favor of the non-movant and take all proof favorable to the
non-movant as true. Science Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex.
1997); Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.
1985).

Authenticity of Promissory Note


 In his first issue on appeal, Pankau argues that there was a genuine issue of fact
concerning the authenticity of the promissory note. In his affidavit attached to his
response to Pack's motion for summary judgment, he stated, "I do not recall signing
the Promissory Note sued upon by Mr. Pack" and "I am unsure that the purported
signature on Page 5 of said Promissory Note is my signature." He also stated, "I do
not owe any sums of money to Mr. Robert Pack." 

 Tex. R. Civ. P. 93(7) requires that the denial of the execution of a document
must be sworn. Absent verification, the document is received into evidence as fully
proved. Boyd v. Diversified Fin. Sys., 1 S.W.3d 888, 891 (Tex. App.--Dallas 1999,
no pet.). The question becomes whether Pankau raised a genuine issue of fact by the
statements given in his affidavit. Rule 93(7) requires a denial of the authenticity of
a written instrument. We conclude that the statements in Pankau's affidavit do not
qualify as a denial. Accordingly, Pankau has not raised a genuine issue of fact
concerning the authenticity of the promissory note.

 We overrule Pankau's first issue on appeal.

Statute of Limitations


 In his second issue on appeal, Pankau argues that a four-year statute of
limitations applies, pursuant to section 16.004. See Tex. Civ. Prac. & Rem. Code.
Ann. § 16.004 (Vernon Supp. 2002). Pack argues, in contrast, that the six-year
statute of limitations found in section 3.118(a) applies. See Tex. Bus. & Com. Code
Ann. § 3.118(a) (Vernon Supp. 2002). We agree with Pack. 

 Pankau challenges the applicability of section 3.118(a) because its effective
date post-dates the execution of the promissory note. Generally, the statute of
limitations in force at the time suit is brought provides the applicable limitations
period. See Raley v. Wichita County, 123 Tex. 494, 72 S.W.2d 577, 579 (1934). 
However, if a shorter limitations period had not fully run on the effective date of a
new statute, a new longer limitations period will apply because the defense of
limitations does not become a vested right until the limitations period has actually
run. National Mar-Kit, Inc. v. Forrest, 687 S.W.2d 457, 460 (Tex. App.--Houston
[14th Dist.] 1985, no writ).

 Here, Pack's cause of action accrued on December 20, 1994. At that time, a
four-year statute of limitations was in effect. Tex. Civ. Prac. & Rem. Code Ann. §
16.004. On January 1, 1996, section 3.118 became effective, amending the statute of
limitations to six years. See Tex. Bus. & Com. Code Ann. § 3.118(a). Because the
shorter limitations period found in section 16.004 had not vested when the new
statute took effect, the new statute of limitations found in section 3.118 is applicable
to this case. See National Mar-Kit, Inc., 687 S.W.2d at 460; see also Whittle v.
MCORP Properties, 17 S.W.3d 718, 721 (Tex. App.--Amarillo 2000, pet. denied). 
 We overrule Pankau's second issue on appeal.

Summary Judgment Evidence


 In his third issue on appeal, Pankau argues that Pack's summary judgment
evidence was improperly admitted by the trial court. In his response to Pack's motion
for summary judgment, Pankau objected to the summary judgment evidence and
makes the same objections on appeal. Pankau objected to: (1) Pack's affidavit
because it was not competent evidence; (2) unsworn facts in the motion for summary
judgment; (3) the lack of a seal on the promissory note; (1) (4) calculations made in
Pack's affidavit; (5) the lack of the original promissory note; and (6) reasonable and
necessary attorney's fees. 



 1. Affidavit

 To be considered by the trial or reviewing court, summary judgment evidence
must be presented in a form that would be admissible at trial. See Hidalgo v. Surety
Sav. & Loan Assoc., 462 S.W.2d 540, 545 (Tex. 1971). A party must object in
writing to the form of summary judgment evidence and place the objections before
the trial court, or its objections will be waived. See Grand Prairie I.S.D. v. Vaughan,
792 S.W.2d 944, 945 (Tex. 1990). To complain on appeal, Pankau was required not
only to object to the form, but to secure a ruling on its objections by the trial court. 
See Roberts v. Friendswood Development Co., 886 S.W.2d 363, 365 (Tex.
App.--Houston [1st Dist.] 1994, writ denied). The record does not show that Pankau
secured any ruling on his objections to Pack's affidavit. Therefore, Pankau has
waived any complaint concerning the propriety of the affidavit. 

 2. Factual Section

 Pankau next complains that Pack's summary judgment motion was not proper
summary judgment evidence because the factual section was not sworn or verified. 
Proper summary judgment evidence consists of affidavits, admissions, stipulations,
authenticated or certified public records, deposition transcripts, and interrogatory
answers. The motion itself is not evidence. Tex. R. Civ. P. 166a(c); Bakali v. Bakali,
830 S.W.2d 251, 257 (Tex. App.--Dallas 1992, no writ). Accordingly, although
Pankau's objection has merit, it presumes that Pack and the trial court relied on
Pack's motion for summary judgment as evidence. Pankau's presumption is not
supported by the record. 

 3. Remaining Objections

 In Pankau's remaining objections to Pack's summary judgment evidence, he
cites no authority. When an appellant cites no authority in support of its point of
error, he waives error. See Tex. R. App. P. 38.1. Accordingly, Pankau has waived
error, if any, to the summary judgment evidence. 

 We overrule Pankau's third issue on appeal.

Conclusion


 We affirm the judgment of the trial court. 


 Adele Hedges

 Justice

Panel consists of Justices Hedges, Jennings, and Price. (2)


Do not publish. Tex. R. App. P. 47.
1. Pack supplemented the record with an affidavit that showed the proper seal.
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.