MEMORANDUM OPINION




No. 04-03-00313-CV



Christine DAVILA,


Appellant



v.



Marilyn VANOVER, M.D.,


Appellee



From the 288th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-15040


Honorable Andy Mireles, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 24, 2003 


AFFIRMED

 This is a medical-malpractice action involving a misdiagnosis of colon cancer. Appellee, Marilyn
Vanover, M.D., was sued by appellant, Christine Davila, for malpractice arising from Dr. Vanover's
physical examination of Davila. Dr. Vanover moved for traditional summary judgment, asserting that
Davila's claim was barred by the two-year statute of limitations on medical-malpractice actions. See Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon Supp. 2003). The trial court granted Dr. Vanover's
motion. Davila appeals by one issue, claiming that the application of the statute of limitations in this instance
is a violation of the open courts provision of the Texas Constitution. See Tex. Const. art. I, § 13. We
affirm.

Background


 Dr. Vanover was Davila's gynecologist and obstetrician since 1988. On January 23, 1998, Davila
saw Dr. Vanover for her annual examination. Davila informed Dr. Vanover that she was experiencing
rectal bleeding. Dr. Vanover performed a digital rectal examination and concluded hemorrhoids were the
cause of Davila's bleeding. Davila did not see Dr. Vanover again until May 13, 1999. When Davila saw
Dr. Vanover in May of 1999, she again complained she was experiencing rectal bleeding. Once again, Dr.
Vanover performed a digital rectal examination and concluded hemorrhoids were the cause of Davila's
bleeding. During Davila's next visit to Dr. Vanover, on April 6, 2000, Davila yet again complained to Dr.
Vanover about rectal bleeding. Dr. Vanover performed another digital rectal examination as well as a fecal
occult blood test to determine if Davila's symptoms were indicative of something more serious. The digital
rectal examination did not reveal any abnormal masses and the fecal occult blood test was negative for
blood in Davila's stools. 

 Despite the results of Dr. Vanover's April 2000 examination, Davila remained concerned about
her condition and decided to get a second opinion. Davila met with Dr. Morton Kahlenberg in October
of 2000. On October 28, 2000, Dr. Kahlenberg diagnosed Davila with advanced stage colon cancer.
Davila began treatment for her condition shortly thereafter. 

 Despite all of the treatment Davila received, her health began to deteriorate in February of 2002.
Dr. Kahlenberg reexamined Davila in April of 2002 and discovered Davila's cancer had returned. Over
the next month, Davila underwent a battery of tests to determine the extent of her cancer. In May of 2002,
Davila learned that her illness was terminal. 

 Davila notified Dr. Vanover about her malpractice claims on August 7, 2002, and filed suit on
October 16, 2002. In her petition, Davila claimed Dr. Vanover failed to adhere to the proper standard of
care in testing, screening, and evaluating her for colon cancer. Davila further alleged that Dr. Vanover failed
to properly diagnose her with colon cancer. Dr. Vanover moved for summary judgment, claiming article
4590i's two-year statute of limitations barred Davila's claims. Davila filed a response to Dr. Vanover's
motion, claiming the application of the statute of limitations in this instance is a violation of the open courts
provision of the Texas Constitution because it would have been unreasonable for her to have brought suit
against Dr. Vanover until she knew the significance of Dr. Vanover's alleged negligence, i.e., it had allowed
Davila's cancer to progress to a terminal stage. The trial court granted Dr. Vanover's motion for summary
judgment and Davila brought this appeal. (1)

Standard of Review

 The standard of review for a traditional summary judgment is well established. The movant for
summary judgment must show there is no genuine issue of material fact and that she is entitled to judgment
as a matter of law. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). A defendant
moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that
defense's elements. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530 (Tex. 1997). Once a
defendant has established that a suit is time barred, the burden is on the plaintiff to raise a fact issue
concerning the applicability of the open courts provision to avoid a summary judgment on limitations. Shah
v. Moss, 67 S.W.3d 836, 846-847 (Tex. 2001); Earle v. Ratliff, 998 S.W.2d 882, 889 (Tex. 1999).
When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge
every reasonable inference and resolve any doubts in the nonmovant's favor. Nixon, 690 S.W.2d at
548-49. Because the propriety of a summary judgment is a question of law, we review the trial court's
decision under a de novo standard. Valores Corporativos, S.A. de C.V. v. McLane Co., 945 S.W.2d
160, 162 (Tex. App.--San Antonio 1997, writ denied).

Limitations For Medical Negligence Claims

 Article 4590i section 10.01 governs medical malpractice claims. See Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 10.01 (Vernon Supp. 2003). Section 10.01 provides that a health care liability claim must
be filed within two years of: (1) the occurrence of the breach or tort; (2) the last date of the relevant course
of treatment; or (3) the last date of the relevant hospitalization. Id.; Shah, 67 S.W.3d at 841. If the date
the alleged tort occurred is ascertainable, limitations must begin on that date. Id. When the date is
ascertainable, further inquiry into the second and third categories is unnecessary. Id. If, however, the exact
date the alleged tort occurred cannot be ascertained, the last date of treatment or the last date of
hospitalization, whichever is relevant, becomes the date for limitations purposes. Kimball v. Brothers, 741
S.W.2d 370, 372 (Tex. 1987).

 Here, Davila cites three specific dates on which Dr. Vanover allegedly committed acts constituting
medical negligence -- January 23, 1998, May 13, 1999, and April 6, 2000. Because Davila alleged
different torts occurring on different dates certain, the statute of limitations began to run at different times
with regard to the different alleged torts. See King v. Sullivan, 961 S.W.2d 287, 292 (Tex.
App.--Houston [1st Dist.] 1997, writ denied). Therefore, the limitations periods expired on the following
dates: (1) January 24, 2000 with respect to Dr. Vanover's January 23, 1998 acts; (2) May 18, 2001 with
respect to Dr. Vanover's May 19, 1999 acts; and (3) April 8, 2002 with respect to Dr. Vanover's April
6, 2000 acts. Davila, however, did not file suit against Dr. Vanover until October 16, 2002. Because
Davila did not file suit within two years of the date of any of Dr. Vanover's alleged negligent acts, article
4590i section 10.01 bars Davila's claims unless she can establish a reason why the two-year statute of
limitations period does not apply. 

Discussion


 In this case we are asked to consider whether the two-year statute of limitations of article 4590i
section 10.01 as applied to Davila violates the open courts provision of the Texas Constitution. The Texas
Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands,
goods, person or reputation, shall have remedy by due course of law." Tex. Const. art. I, § 13. A statute
that unreasonably or arbitrarily abridges one's right to obtain redress for injuries caused by another
person's harmful acts is an unconstitutional due course of law violation. Shah, 67 S.W.3d at 842.
"Consequently, our Constitution's open courts provision protects a person from legislative acts that cut off
a person's right to sue before there is a reasonable opportunity to discover the wrong and bring suit." Id.
 

 To establish an open courts violation in this case, Davila must meet a two-prong test. See id. First,
Davila must show a cognizable common-law claim that article 4590i's limitations provision restricts. Id.
Second, Davila must show the restriction is unreasonable or arbitrary when balanced against the statute's
purpose and basis. Id. Importantly, if Davila had a reasonable opportunity to discover the alleged wrong
and bring suit before the limitations period expired, article 4590i's limitations provision does not violate the
open courts guarantee. Id. Upon meeting this two-prong test, Davila is entitled to relief under the open
courts provision only if she shows that she used diligence to bring suit within a reasonable time after she
learned of the alleged wrong. Id. at 847. January 23, 1998 

 Davila's medical malpractice claims arising from her January 23, 1998 visit with Dr. Vanover reflect
well established common law claims. See id. at 846. The statute of limitations on such claims expired in
January of 2000, almost nine months before Davila knew of Dr. Vanover's misdiagnosis. Because Davila
did not discover that she had a cause of action regarding her January 1998 treatment until after limitations
had run, the statute of limitations is unconstitutional as to such claims. See DeRuy v. Garza, 995 S.W.2d
748, 752 (Tex. App.--San Antonio 1999, no pet.). 

 Having concluded this particular limitation period violated the open courts provision, the issue
becomes whether Davila timely filed suit after being diagnosed with advanced stage colon cancer. The
summary judgment evidence shows Davila learned about her injury, advanced stage colon cancer, on
October 28, 2000. Thus, Davila learned of Dr. Vanover's alleged wrong at least 23 months before she
brought suit. We hold as a matter of law that Davila did not file suit within a reasonable time after
discovering her injury. See Shah, 67 S.W.3d at 846 (holding open courts provision did not save plaintiff's
claims because the plaintiff, without explanation, waited seventeen months to bring suit after discovering
the alleged wrong). Consequently, Davila is not entitled to relief under the open courts provision with
respect to Dr. Vanover's January 23, 1998 acts. 

 Davila argues that because she did not learn her cancer was terminal on October 28, 2000, she
did not have knowledge of the fact of injury at that time. Davila's argument, however, fails to consider that
she learned her cancer had progressed to an advanced stage of the disease on that date. Simply because
Davila did not learn Dr. Vanover's conduct had actually allowed her cancer to progress to a terminal stage
until a much later date does not mean Davila did not have a recognizable injury before such time. See
O'Reilly v. Wiseman, 107 S.W.3d 699, 708 (Tex. App.--Austin 2003, pet. filed) (recognizing the date
when patient's breast cancer was actually diagnosed was the point at which patient was "deemed to have
knowledge of the fact of injury and the underlying facts and conditions of her claim."). (2) 

May 19, 1999 

 Although Davila's medical malpractice claims against Dr. Vanover reflect well-established common
law claims, see Shah, 67 S.W.3d at 846, the record indicates Davila learned of Dr. Vanover's May 19,
1999 alleged wrong before the statute of limitations expired for such claims. When Davila learned she had
advanced stage colon cancer on October 28, 2000, she became aware of the fact of injury and the
underlying facts and conditions of her claim. See O'Reilly, 107 S.W.3d at 708. Thus, when Davila learned
of the alleged wrong on October 28, she had approximately seven months to file suit against Dr. Vanover
before the statute of limitations expired on May 18, 2001. Because Davila had approximately seven
months after first learning of the alleged wrong in which to file a claim against Dr. Vanover, we believe
Davila's open courts challenge as to her May 19, 1999 claims must fail. See Allen v. Tolon, 918 S.W.2d
605, 607 (Tex. App.--Eastland 1996, no writ) (holding patient's discovery of his claim for medical
malpractice more than one year before the limitations period expired precluded the finding of an open
courts violation). 

 Davila contends her case is analogous to Hellman v. Mateo, 772 S.W.2d 64 (Tex. 1989). In
Hellman, Donna Marie Hellman sued Dr. Luis Mateo for failing to diagnose her Hodgkin's disease.
Hellman, 772 S.W.2d at 65. In January of 1983, Hellman was admitted into Memorial Hospital
Southwest for removal and biopsy of a lymph node from her neck. Id. On January 10, 1983, Mateo
advised Hellman's treating physician that the lump in the lymph node removed from her neck was benign.
Id. On August 24, 1984, a second lymph node was removed from Hellman's neck. Id. This lymph node
was reported as showing Hodgkin's disease. Id. Less than a month later, on September 4, 1984, it was
discovered that Hellman's disease was in a more advanced stage than originally believed. Id. Hellman
contacted an attorney in January of 1985 regarding the possibility of bringing a medical negligence cause
of action. Id. It was not until March of 1985 that Hellman first obtained conclusive information about Dr.
Mateo's error in analyzing the first lymph node removed from her neck. Id. at 66. Hellman filed suit
against Dr. Mateo on August 30, 1985. Id. at 65.

 Dr. Mateo moved for summary judgment on the ground that Hellman's cause of action was barred
by limitations. Id. Hellman responded to Dr. Mateo's motion, contending she did not have a cause for
concern about the accuracy of Dr. Mateo's first biopsy until January 1985. Id. at 66. In response to
Hellman's claim that article 4590i section 10.01 was unconstitutional as applied to her, Dr. Mateo
contended Hellman could have discovered his misdiagnosis when she learned of the advanced stage of the
disease in September of 1984. Id. The trial court granted Dr. Mateo's motion and the court of appeals
affirmed. The supreme court, however, reversed and remanded Hellman's cause to the trial court for a trial
on the merits after concluding a question of fact existed concerning whether Hellman knew or should have
known of Dr. Mateo's misdiagnosis of the first lymph node before limitations expired on January 10, 1985.
Id. at 66. 

 Davila also contends her case is analogous to Baldridge v. Howard, 708 S.W.2d 62 (Tex.
App.--Dallas 1986, writ ref'd n.r.e.). In Baldridge, Linda Baldridge underwent a thyroidectomy on
September 30, 1973. Baldridge, 708 S.W.2d at 63. During the course of the procedure, Dr. Charles
Howard allegedly severed nerves that resulted in bilateral paralysis of her vocal cords resulting in a loss of
her ability to vocalize normally. Id. Baldridge further alleged she was unable to discover the severed nerve
condition until October 31, 1982, the date when she was admitted to the hospital for a tracheotomy
allegedly necessitated by Dr. Howard's severance of her laryngeal nerves. Id. Baldridge did not file suit
against Dr. Howard until November 23, 1983. Id. 

 Dr. Howard moved for summary judgment, contending Baldridge could have brought suit before
the statute of limitations expired. Id. at 64. Dr. Howard relied on an affidavit which indicated another
doctor who examined Baldridge in February of 1974 had told Baldridge she had a paralyzed left vocal cord
caused by the thyroidectomy procedure. Id. Baldridge responded to Dr. Howard's motion, claiming
neither Dr. Howard nor any other doctor had told her that her vocal cords were paralyzed or that her
injuries were anything other than temporary. Id. The trial court granted the doctor's motion for summary
judgment. Id. at 63. The court of appeals, however, reversed and remanded for a trial on the merits
because it determined a question of fact existed concerning the time when Baldridge should have
discovered the nature of her injury. Id. at 65. 

 There is an important factual distinction between Davila's case and the plaintiffs' cases in Hellman
and Baldridge. In Hellman and Baldridge, a question of fact existed regarding whether the plaintiffs knew
or should have known of the misdiagnosis/injury before the running of the limitations period. By contrast,
it is undisputed in the case at bar that, before the statute of limitations ran, Davila learned Dr. Vanover
misdiagnosed her and that this misdiagnosis allowed her cancer to progress to an advanced stage of the
disease. We therefore disagree with Davila's contention that Hellman and Baldridge are analogous to
the case at bar.

April 6, 2000

 Our analysis of Davila's claims regarding Dr. Vanover's April 6, 2000 negligent acts is essentially
identical to our analysis of Davila's claims regarding Dr. Vanover's alleged negligence from May 19, 1999.
Although Davila's medical malpractice claims against Dr. Vanover reflect well-established common law
claims, see Shah, 67 S.W.3d at 846, the record indicates Davila learned of Dr. Vanover's April 6, 2000
wrong before the statute of limitations expired for such claims. When Davila first learned she had advanced
stage colon cancer on October 28, 2000, she became aware of the fact of injury and the underlying facts
and conditions of her claim. See O'Reilly, 107 S.W.3d at 708. Thus, when Davila learned of the alleged
wrong on October 28, 2000, she had approximately eighteen months to file suit against Dr. Vanover before
the statute of limitations expired on April 8, 2002. Because Davila had approximately eighteen months after
first learning of the alleged wrong in which to file a claim against Dr. Vanover, we believe Davila's open
courts challenge as to her April 6 claims must also fail. See Allen, 918 S.W.2d at 607.

Conclusion


 Based on the foregoing, we overrule Davila's sole appellate issue. The judgment of the trial court
is affirmed.


 Catherine Stone, Justice





1. We are hearing this appeal on an accelerated basis due to Davila's terminal condition.
2. We note that Texas does not recognize a cause of action for loss of chance of survival. See Kramer v.
Lewisville Mem'l Hosp., 858 S.W.2d 397, 407 (Tex. 1993).